UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAIR HOUSING CENTER OF )
GREATER BOSTON, INC. )
)
    Plaintiff, )
)
v. ) Civil Action No. _____
)
BOSTON METRO PUBLISHING, INC. )
)
    Defendant. )
)

**COMPLAINT**

Introduction

1. This is an action for declaratory judgment, permanent injunctive relief, damages and attorney's fees and costs as a result of discriminatory advertising practices in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Massachusetts Anti-Discrimination Act, M.G.L. c.151B, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A. The Plaintiff Fair Housing Center of Greater Boston has documented that Boston Metro Publishing, Inc. has published rental advertisements that unlawfully express a preference or limitation for housing based on family status, children, gender, and receipt of a rental subsidy and has discriminated against homeseekers based on their family status, marital status, source of income, gender, national origin and race.

Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by 28 U.S.C.§§1331, 1343(4) and 42 U.S. C. §§ 3612 and 3617. The Court also has pendent jurisdiction over the state court claims.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because the Defendant is located in the District of Massachusetts and the causes of action have arisen in the District of Massachusetts.

Parties

4. Plaintiff Fair Housing Center of Greater Boston ("Fair Housing Center " or "the Center") is a private, non-profit, fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area. The Fair Housing Center's offices are located at 59 Temple Place, #1105, Boston, MA 02111. Its constituents include persons seeking rental housing through advertisements in the Boston Metro newspaper.

5. The Fair Housing Center devotes significant resources to ensure that all persons have equal opportunity and access to housing. The Center identifies and takes actions to eliminate discriminatory housing practices through education, counseling, investigation and enforcement, if necessary.

6. The Fair Housing Center's mission has been frustrated by the Defendant's discriminatory actions, which seek to limit the availability of housing and which have the appearance of sanctioning discrimination in housing. The Center has had to divert significant resources from its usual activities to identify and counteract Defendant's discriminatory advertising.

7. Defendant Boston Metro Publishing, Inc. ("Boston Metro") is located at 320 Congress Street, Boston, MA 02210, and publishes the Boston Metro newspaper. Boston Metro solicits, reviews, accepts and publishes rental advertisements and classifieds for which it receives fees.

8. Boston Metro is Boston's largest daily newspaper.

9. Boston Metro distributes 170,000 copies of its free newspaper on weekday mornings by hand and from racks outside commuter train, subway and bus stations, in office buildings and on fifteen college campuses in the Greater Boston area and reaches about 510,000 readers every day.

Facts

10. Since at least April 10, 2002 the Boston Metro has printed and published rental advertisements that express a preference or limitation for persons of protected classes.

11. The advertisements in question include, but are not limited to, the following discriminatory statements: "not deleaded," "adult only," "young, mature professional," "male only," "no Section 8."

12. Accepting advertisements with the above discriminatory words violated federal and state law.

13. The effect of these advertisements has been to restrict the housing choices and opportunities for families with children and persons with rental subsidies. Further, a disproportionate number of persons with rental subsidies are families of color and thus these advertisements have had the effect of discriminating against people based on race, color and national origin.

14. As a result of the Boston Metro's discriminatory rental advertisements many homeseekers have been deprived of their right to non-preferential housing advertising and of their right to contract for and rent housing on an equal basis with other people without restriction or limitation based on race, color, national origin, children, family status, receipt of a rental subsidy or source of income.

15. Because the Boston Metro is the largest circulation daily newspaper in greater Boston, its regular publication of discriminatory advertisements has had the effect of sanctioning discrimination by housing providers and allowing housing providers to believe it is lawful and acceptable to indicate a preference, limitation or discrimination in housing based on membership in a protected class. Further, the publication of discriminatory advertisements has had the effect of discouraging readers from pursuing their right to seek certain housing. In addition, because discriminatory language is repeatedly read in the Metro's rental ads, many homeseekers have come to believe that such discrimination is permissible and thus do not know to take legal action when such preferences are expressed directly to them by landlords and housing providers.

16. In addition, the Boston Metro's discriminatory advertising practices have interfered with the efforts of the Fair Housing Center to bring about equality of housing opportunities and have denied and interfered with the rights of its members and constituents to obtain rental housing free from unlawful discrimination.

Causes of Action

### Violation Of The Fair Housing Act: 42 U.S.C. §§ 3604(c)

17. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 of this Complaint.

17. Section 3604(c) of the Fair Housing Act makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

18. The Defendant has made, printed, published or caused to be made, printed or published rental advertisements that indicate a preference, limitation or discrimination based on familial status, children, and gender. In addition, the Defendant has printed, published or caused to be made, printed or published rental advertisements that indicate a preference, limitation or discrimination based on receipt of a rental subsidy, which has had a disparate impact on members of protected classes based on race, color or national origin.

### Violation of the Massachusetts Anti-Discrimination Law - M.G.L. c. 151B, § 4(7B)

19. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 above, as though fully set forth herein.

20. Section 4(7B) of Massachusetts' Anti-Discrimination statute makes it unlawful:

> For any person to make print, or publish, or cause to be made, printed, or published any notice, statement or advertisement, with respect to the sale or rental of multiple dwelling, contiguously located, publicly assisted or other covered housing

accommodations that indicates any preference, limitation, or discrimination based on race, color, religion, sex, sexual orientation which shall not include persons whose sexual orientation involves minor children as the sex object, national origin, genetic information, ancestry, children, marital status, public assistance recipiency, or handicap or an intention to make any such preference, limitation or discrimination except where otherwise legally permitted.

21. The Defendant has made, printed, published or caused to be made, printed or published rental advertisements that indicate a preference, limitation or discrimination based on familial status, children, sex, marital status, receipt of a rental subsidy, and which have had a disparate impact on members of protected classes based on race, color or national origin in violation of M.G.L. c.151B § 4(7B).

Violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A

22. The Plaintiff realleges paragraphs 1 through 21 above and incorporates them by reference as if stated herein.

23. At all relevant times hereto the Defendant Boston Metro was involved in the trade or commerce and has engaged in unfair and deceptive practices within the meaning of G. L. c. 93A, secs. 2 and 9 and the Attorney General's regulations published to enforce this law including, but not limited to, 940 C.M.R. s.3.02 and s. 3.16(3).

24. The Defendant Boston Metro's discriminatory advertising constitutes an unfair and deceptive act or practice within the meaning of M.G.L. c. 93A, secs. 2 and 9.

25. These actions of the Defendant described herein were performed willfully and knowingly.

26. On February 26, 2003, the Plaintiff, through its attorney, served the Defendant with a written demand for relief pursuant to M.G.L. 93A, s. 9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered.

27. The Defendant has failed has failed to make a reasonable offer of settlement in response to said 93A demand letter.

28. As a result of the above-described unfair or deceptive acts of practices, the Fair Housing Center sustained injury including, but not limited to, interference with its efforts to bring about equality of housing opportunities and diversion of resources from its usual activities.

29. Therefore, the Plaintiff claims three times all damages in this complaint, as well as reasonable attorney's fees and costs.

Relief Requested

WHEREFORE, the Plaintiff respectfully requests this Court to enter judgment as follows:

1. Enter a declaratory judgment that the Boston Metro has violated the Fair Housing Act, 42 U.S.C. §3604 (c), the Massachusetts Anti-Discrimination Law, M.G.L.c.151B §4(7B), and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

2. Issue a permanent injunction enjoining the Boston Metro, its employees, agents, representatives, successors and assigns, and all persons in active concert, combination and participation with them, from further violating any of the above laws.

3. Order the Boston Metro to take such affirmative steps as necessary to ensure that the violations of the above laws do not continue to occur and to take actions to monitor all future real estate advertisements to ensure they do not discriminate unlawfully.

4. Award the Plaintiff judgment against the Defendant for compensatory and punitive damages in an amount to be determined.

5. Award the Plaintiff reasonable attorneys' fees and costs.

6. Grant the Plaintiff such further relief as the Court deems just and proper.

FAIR HOUSING CENTER,
By its attorney,

Rafael Mares - BBO #643486
Legal Services Center
122 Boylston Street
Jamaica Plain, MA 02130-2246
(617) 522-3003 (phone)
(617) 522-0715 (fax)

Date: December 10, 2003